UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DARRYL ANTOINE STARKS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:08-0599 |
| ) | (Crim. Case No. 3:05-00225) |
| **UNITED STATES OF AMERICA,** ) | Judge Echols |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody which contains an alternative request that the Court Modify Petitioner's Sentence Under 18 U.S.C. § 3582(c). (Docket Entry No. 1). The Government has responded in opposition to the Motion. (Docket Entry No. 3).

Insofar as Petitioner seeks relief under 28 U.S.C. § 2255, his Motion to Vacate, Set Aside or Correct Sentence is untimely. Under the governing provisions of Section 2255, a one year period of limitations applies to such motion which runs from the date a judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1).

In this case, Petitioner pled guilty on April 18, 2006 to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:05-00225, Docket Entry No. 18). He was sentenced to a term of imprisonment of 96 months on July 3, 2006, and a Judgment and Commitment Order was entered on July 18, 2006. (Id. Docket Entry Nos. 24 & 25). Petitioner filed a Notice of Appeal on July 27, 2006, but subsequently filed a motion for voluntary dismissal and the United States Court of Appeals for the Sixth Circuit dismissed the appeal on August 25, 2006. (Id., Docket Entry Nos. 27 & 31). The present Motion to Vacate, Set Aside or Correct Sentence was

1

filed on June 13, 2008, almost twenty-two months after Petitioner's conviction became final and the motion is therefore untimely.

Nor is Petitioner entitled to a Modification of Sentence under 18 U.S.C. § 3582(c). Petitioner seeks to modify his sentence on the basis of Amendment 709 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") which became effective November 1, 2007. Amendment 709 essentially adopts a "common sense" as opposed to an "elements" approach in determining whether a non-listed offense is similar to a listed offense under U.S.S.G. § 4A1.2(c) for purposes of computing a defendant's criminal history under the Guidelines. However, the Sentencing Commission chose not to make Amendment 709 retroactive. United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008); United States v. Godin, 522 F.3d 133, 135 (1st Cir. 2008); United States v. Ellis, 2008 WL 162155, *1 (N.D. Ohio 2008). As such, a defendant is not entitled to modification of a final sentence under 18 U.S.C. § 3582 based upon the provisions contained in Amendment 709. Id.

Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody which contains an alternative request that the Court Modify Petitioner's Sentence Under 18 U.S.C. § 3582(c) (Docket Entry No. 1) is hereby DENIED and this case is hereby DISMISSED WITH PREJUDICE. A Certificate of Appealability will not issue because reasonable jurists would not consider debatable or wrong: (1) this Court's conclusion that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is untimely; or (2) that Petitioner is not entitled to a modification of sentence under 18 U.S.C. § 3582(c) because Amendment 709 to the Guidelines is not to be applied retroactively. See, Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

2

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3